IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EZEQUIEL AGUIRRE-BENITEZ<br>and GAVINO RAMIREZ,<br><br>Defendants. | CRIMINAL ACTION<br><br>NO. 3:16-CR-9 -TCB |

# **O R D E R**

Defendants Ezequiel Aguirre-Benitez and Gavino Ramirez are charged with two counts of possession with the intent to distribute methamphetamine. Defendants filed three motions to suppress: they jointly moved to suppress all evidence obtained via three sets of wiretaps [36], and they filed separate motions to suppress evidence obtained during the search of their respective residences [34 (Aguirre-Benitez) & 37 (Ramirez)].

Presently before the Court is Magistrate Judge Russell G. Vineyard's Final Report and Recommendation (the "R&R") [56], which recommends that the joint motion to suppress wiretaps [36] be granted

in part and denied in part and that the individual motions to suppress evidence [34 & 37] be denied. Each Defendant has filed objections [58 (Aguirre-Benitez) & 59 (Ramirez)] to the R&R.

**I.     Legal Standard on Review of a Magistrate Judge's R&R**

"After conducting a careful and complete' review of a magistrate judge's findings and recommendations, a district judge may accept, reject or modify a magistrate judge's R&R." *Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1376 (N.D. Ga. 2014) (quoting *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam)); 28 U.S.C. § 636(b)(1)(C). "A district judge 'shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)); *see also Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (holding that district judge must "give fresh consideration to those issues to which specific objection has been made by a party"). Those portions of the R&R to which no objection is made need only be reviewed for clear error. *Taylor*, 4 F. Supp. 3d at

1377 (citing *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006)).

## II.  The R&R and Defendants' Objections

No party has objected to the portion of the R&R that recommends that Defendants' joint motion to suppress wiretaps be granted in part and denied in part. Having reviewed the R&R, the Court finds no clear error in that recommendation or the findings supporting it. Accordingly, that aspect of the R&R will be adopted.

Defendants' objections do challenge the R&R's recommendation that their individual motions to suppress evidence be denied. Because Defendants' objections are substantively identical, the Court will address both sets of objections together.

Defendants argue, as they did in their original motions, that the search warrants' supporting affidavits used information obtained from the illegal Cobb County wiretaps that everybody (including this Court) agrees are subject to suppression. When the tainted evidence is excised, Defendants contend, the affidavits do not contain sufficient information to support a finding of probable cause.

The R&R rejected this argument, and properly so. The affidavits supporting both search warrants refer to an unidentified male as "UM66," a designation derived from the Cobb County wiretap labeling system. The Court agrees with Judge Vineyard's conclusion that use of the UM66 appellation in the affidavits is not tantamount to a reference to information intercepted through the Cobb County wiretaps. Furthermore, as the R&R correctly points out, striking every reference to UM66 in the affidavits would not alter the substance of the information contained therein that established probable cause for the warrants. Thus, this objection is without merit.

The affidavit supporting the warrant to search Ramirez's residence not only referred to UM66 but also contained the following information from the Cobb County wiretaps: "On January 11, 2015, members of Atlanta HIDTA conducted surveillance in support of intercepted communications between Aguirre and William Mark Vining. Aguirre had agreed to supply Vining with methamphetamine." [37-1] at 10. But even if the January 11, 2015 incident were excised

4

from the affidavit, the affidavit would be sufficient to establish probable cause to search Ramirez's residence.

Defendants also object to the R&R's conclusion that the good-faith exception would preclude suppression even if the warrants were held invalid. As noted above, the Court agrees with the R&R that the warrants did establish probable cause to search both Aguirre-Benitez's and Ramirez's residences. It is therefore unnecessary to address the hypothetical question of whether the good-faith exception might preclude suppression if probable cause were lacking.

## III. Conclusion

In sum, after a thorough review of the R&R and Defendants' objections thereto, the Court agrees with Judge Vineyard's analysis, findings, and recommendations. The Court therefore adopts as its Order the R&R [56] and overrules Defendants' objections thereto [58 & 59]. Defendants' joint motion to suppress wiretaps [36] is granted as to the Cobb County wiretaps but denied in all other respects, and Defendants' individual motions to suppress [34 & 37] are denied.

IT IS SO ORDERED this 25th day of May, 2017.

_____
Timothy C. Batten, Sr.
United States District Judge